UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
DR. DAVID SIMAI,
on behalf of Plaintiff and the classes defined herein,

     Plaintiff,

  v.

PHOENIX EMERGENCY
MEDICAL SUPPLY, LLC
and JOHN DOES 1-10,

     Defendants.
-----------------------------------------------------------------

## COMPLAINT – CLASS ACTION

## INTRODUCTION

1.  Plaintiff Dr. David Simai brings this action to secure redress for the actions of Defendants Phoenix Emergency Medical Supply, LLC, and John Does 1-10, in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") and New York General Business Law § 396-aa..

2.  The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

## PARTIES

3.  Plaintiff Dr. David Simai has offices in the Eastern District of New York, where he maintains telephone facsimile equipment that automatically prints incoming faxes on paper using toner/ ink.

4.      Defendant Phoenix Emergency Medical Supply, LLC, is a New York limited liability company with a principal place of business at 6 Park St.., Wading River, New York, 11729. Its Registered Agent, Jaman L. Kim, is located at the same address.

5.      John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below.  Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction under 28 U.S.C. §1331.   *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012).

7.      Personal jurisdiction exists in that Defendants:

a.      Have committed tortious acts in New York by causing the transmission of unlawful communications into the state.

b.      Are located in and transacted business in New York.

8.       Venue in this District is proper for the same reason.

## FACTS

9.      On April 10, 2020,  Dr. David Simai received the unsolicited fax advertisement attached as Exhibit A on his facsimile machine.

10.      On April 17, 2020, Dr. David Simai received the unsolicited fax advertisement attached as Exhibit B on his facsimile machine.

11.      On April 22, 2020, Dr. David Simai received the unsolicited fax advertisement attached as Exhibit C on his facsimile machine.

12.      On April 23, 2020, Dr. David Simai received the unsolicited fax advertisement attached as Exhibit D on his facsimile machine.

13.      On May 12, 2020, Dr. David Simai received the unsolicited fax advertisement attached as Exhibit E on his facsimile machine.

14.      On May 19, 2020, Dr. David Simai received the unsolicited fax advertisement attached as Exhibit F on his facsimile machine.

15.     On May 22, 2020, Dr. David Simai received the unsolicited fax advertisement attached as Exhibit G on his facsimile machine.

16.     On May 26, 2020,, Dr. David Simai received the unsolicited fax advertisement attached as Exhibit H on his facsimile machine

17.     Plaintiff is a doctor who has offices in the Eastern District of New York where he sees and treats patients on a regular basis.

18.     Plaintiff, a doctor with a medical practice, would be the target of an unsolicited fax advertising the sale of medical masks and medical gowns to medical practitioners.

19.     Discovery may reveal the transmission of additional faxes as well.

20.     The faxes list the sender as Phoenix Emergency Medical Supplies. This is a name used by Defendant Phoenix Emergency Medical Supply, LLC.

21.     Defendants either negligently or wilfully violated the rights of Plaintiff and other recipients in sending the faxes.

22.     Plaintiff had no prior relationship with Defendant Phoenix Emergency Medical Supply, LLC and had not authorized the sending of fax advertisements to Plaintiff.

23.     On information and belief, the fax attached hereto was sent as part of a mass broadcasting of faxes.

24.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

25.     On information and belief, Defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in New York.

26.     There is no reasonable means for Plaintiff or other recipients of Defendants' unsolicited advertising faxes to avoid receiving illegal faxes.  Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

27.     Defendants' conduct caused recipients of their advertising to bear the cost thereof.

3

This gave Defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail.  For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting.  The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink.  "Receiving a junk fax is like  getting junk mail with the postage due".   Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

## COUNT I – TCPA

28.     Plaintiff incorporates ¶¶ 1-27.

29.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(c).

30.     The TCPA,  47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

**(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

**(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

**(C)  both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

31.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of time, paper and ink or toner consumed as a result.  Furthermore, Plaintiff's statutory right of privacy was invaded.

4

32.     Plaintiff and each class member is entitled to statutory damages.

33.     Defendants violated the TCPA even if their actions were only negligent.

34.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

35.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent faxes by or on behalf of Defendant Phoenix Emergency Medical Supply, LLC, advertising or promoting its goods or services for sale, (d) where Defendants do not have evidence of consent or an established business relationship prior to the sending of the faxes.

36.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief, based on the generic nature of the fax, that there are more than 40 members of the class.

37.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

   a.     Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

   b.     The manner in which Defendants compiled or obtained the list of fax numbers;

   c.     Whether Defendants thereby violated the TCPA.

38.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

39.     Plaintiff's claims are typical of the claims of the class members. All are based on

the same factual and legal theories.

40.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because it is not economically feasible to bring individual actions.

41.     Numerous courts have certified class actions under the TCPA.  *Holtzman v. Turza,* 08cv2014, 2009 WL 3334909,  2009 U.S. Dist. LEXIS 95620 (N.D.Ill. Oct. 14, 2009), *aff'd in part, rev'd in part, vacated in part,* 728 F.3d 682 (7th Cir. 2013); *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.* 2015 IL 118644, 48 N.E.3d 1060; *American Copper & Brass, Inc. v. Lake City Indus. Products, Inc.*, 757 F.3d 540, 544 (6th Cir. 2014); *In re Sandusky Wellness Center, LLC*, 570 Fed.Appx. 437, 437 (6th Cir. 2014); *Sandusky Wellness Center, LLC v. Medtox Scientific, Inc.*, 821 F.3d 992, 998 (8th Cir. 2016); *Sadowski v. Med1 Online, LLC,* 07cv2973, 2008 WL 2224892, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill. May 27, 2008); *CE Design Ltd. v. Cy's Crabhouse North, Inc.,* 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.,* 679 F.Supp.2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Laboratory, Inc.,* 10cv1315, 2010 WL 4074379, 2010 U.S. Dist. LEXIS 108339 (N.D.Ill. Oct. 12, 2010); *Hinman v. M&M Rental Center, Inc.,* 545 F.Supp.2d 802 (N.D.Ill. 2008); *G.M. Sign, Inc. v. Group C Communications, Inc.,* 08cv4521, 2010 WL 744262, 2010 U.S. Dist. LEXIS 17843 (N.D.Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La.App. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.,* 992 So.2d 510 (La.App. 2008); *Lampkin v. GGH, Inc.,* 146 P.3d 847 (Ok.App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.,* 203 Ariz. 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young,* 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.,* 293 Kan. 285, 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns,*

*Inc.,* 306 S.W.3d 577 (Mo.App. 2010); *Lindsay Transmission, LLC v. Office Depot, Inc.,* 4:12cv221, 2013 WL 275568,  2013 U.S. Dist. LEXIS 9554 (E.D.Mo. Feb. 24, 2013).

42.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

        a.     Actual damages;

        b.     Statutory damages;

        c.     An injunction against the further transmission of unsolicited fax advertising;

        d.     Costs of suit;

        e.     Such other or further relief as the Court deems just and proper.

## COUNT II – NEW YORK GENERAL BUSINESS LAW § 396-aa

43.     Plaintiff incorporates ¶¶ 1-27.

44.     Defendants violated New York General Business Law § 396-aa, by sending unsolicited fax advertising to Plaintiff and others seeking to induce their purchase of goods and services from Defendant Phoenix Emergency Medical Supply, LLC.

45.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

## CLASS ALLEGATIONS

46.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with New York fax numbers (b) who, on or after a date three years prior to the filing of this action (CPLR §214) (c) were sent faxes by or on behalf of Defendant Phoenix Emergency Medical Supply, LLC, promoting its goods or services for sale (d) with respect to which Defendants did not have evidence of consent or an established business relationship prior to sending the fax.

47.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

48.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

        a.     Whether Defendants engaged in a pattern of sending unsolicited fax advertisements; and

        b.     Whether Defendants thereby violated New York General Business Law §396-aa.

49.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

50.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

51.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because it is not economically feasible to bring individual actions.

52.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

        a.     Statutory damages of $100 per fax;

        b.     Costs of suit;

        c.     Such other or further relief as the Court deems just and proper.

*/s/ Tiffany N. Hardy*
Tiffany N. Hardy

Tiffany N. Hardy
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com


Adam J. Fishbein
**ADAM J. FISHBEIN, P.C.**
735 Central Avenue
Woodmere, New York 11598
(516) 668-6945
fishbeinadamj@gmail.com

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.


*/s/ Tiffany N. Hardy*
Tiffany N. Hardy


Tiffany N. Hardy
**EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

10

**EXHIBIT A**



# Phoenix Emergency Medical Supply, LLC

## The Million Mask Shipment

### Order Line: 631-776-6022

### http://medicalsupplymasks.com

**PEMS** (Phoenix Emergency Medical Supplies), has been working diligently, since the very beginning of the COVID-19 pandemic, to source our area providers, the **PPE** they need.

**Our Mission:** To provide the necessary supplies, our healthcare workers so desperately need, to not only protect themselves, but their patients as well. Our team, has been working tirelessly, around the clock to achieve our goal. We are sourcing and managing shipments from China, and procuring the gravely needed supplies.

**We** now have a "**Planeload**" of a **MILLION KN-95, and over the ear surgical masks** arriving into Hauppauge, NY. These **FDA approved masks**, are ready for immediate delivery, to the New York area.

**Our Team** also has, bulk sanitizer (in 250-gallon totes), disposable gowns, biohazard suits (both civil and medical), face shields, goggles, etc.  We are working on sourcing both patient and provider gowns. Also, we are determined to obtain **hand sanitizer**, in 16.9oz pumps. (Sold by the case).

In Addition to the above, we will be getting both Medical Planar Style and FDA approved KN95 style masks

Our next mask shipment: **On or about** April 15, 2020, into Long Island for immediate delivery.

 ## What should you do now? 

1) GO TO: http://medicalsupplymasks.com

### 2) Place your order immediately!

(Ordering now, will secure your place and **YOUR SUPPLIES**, in the upcoming shipment!)

### 3) Need something not listed?  JUST ASK !

Fax back, your requirements, in the space below. PEMS will do our best, to source your shortages.

### FAX: 631.504.0709

You may have heard, **Congressman Zeldin**'s office, that we are helping are providers to find the missing PPE they need! It is our **MISSION** to keep your **staff and patients SAFE & HEALTHY** during the Covid-19 epidemic.

**Additional Needs:**          **NOW: FAX to:   631. 504. 0709 *******

Bob Greenberg, CEO bobg@lawny.com Get bob on FB messenger or Skype search bobofthedeep...WhatsApp/SMS/Telegram +1.631.830.2355, eChat w2cykbob Bob/W2CYK
Someone in our office will confirm receipt of your order, and address any additional questions you may have.

https://www.linkedin.com/company/phoenix-emergency-medical-supplies/?viewAsMember=true

https://www.facebook.com/Phoenix-Emergency-Medical-Supplies-103983409566592/

**EXHIBIT B**

RECEIVED 04/17/2020 04:16PM
17-Apr-2020 20:16 UTC To: (15163742044) p.1



## PHOENIX EMERGENCY MEDICAL SUPPLY

# 4.17.20
# NOW AVAILABLE : 5 PM EST
# MEDICAL PLANAR MASKS



# ORDER NOW
# https://medicalsupplymasks.com/

# KN95 MASKS
# AVAILABLE FRIDAY APRIL 24TH

### Your source for COVID-19 PPE

*Something you need that is not listed?*

Fax this form, with your needs listed in box provided. We will do our best to source those items for you!

We Need:

**FAX: 631-504-0709**       **Phone: 631-776-6022**

## **EXHIBIT C**

RECEIVED  04/22/2020  05:33PM





## Your source for COVID-19 PPE

# JUST IN

# *MEDICAL PLANAR MASKS*

### These are going FAST!

## ORDER NOW

## Call: 516.359.8443 Staci

OR

## https://medicalsupplymasks.com/

---

### *KN95 MASKS* ......*Coming in APRIL 30*$^{th}$

---

**Must reserve NOW.**      **Supplies will not last!**      Prices will continue to

RISE

*Something you need that is not listed?      Ask us or Write it in form below.*

**Call** *a sales consultant:* **Staci: 516.359.8443**      Bob: 631-776-6022
**or**
**fax below to 631-504-0709**
**Order form**

Practice/Company Name:_____   _____   Contact Person:_____

Phone #_____   Email:_____   FAX:___   _____

Preferred method of contact:        Call      Text      Email      Fax

| Item | Quantity |
|---|---|
|  |  |
|  |  |
|  |  |

**EXHIBIT D**

RECEIVED  04/23/2020 12:52PM



4.23.20

## Your source for COVID-19 PPE



# Level 1 Medical Isolation Gowns
# These are going FAST!

## ORDER NOW
## Call: 631.776.6023 X1
OR
## https://medicalsupplymasks.com/

**\*KN95 MASKS\* ......*Coming in APRIL 30th and May 7th! New lower price on Surgical Planar masks-check the website! We have Hand San on the way... Reserve yours today!***

Must reserve NOW.        <u>Supplies will not last!</u>        Prices will continue to RISE

*<u>Something you need that is not listed?</u>        <u>Ask us or Write it in form below.</u>*

**Call** *a sales consultant:* <u>631-776-6022</u>
<u>or</u>
**fax below to 631-504-0709**
<u>**What do you need? Let us know by fax below!**</u>

Practice/Company Name:_____   _____   Contact Person:_____

Phone #_____Email:_____FAX:___ _____

Preferred method of contact:        Call    Text    Email    Fax

| Item | Quantity |
|---|---|
|  |  |
|  |  |
|  |  |

**EXHIBIT E**



# IN STOCK
# ON Long island
# RIGHT NOW!!!!



## KN95 MASKS
## &
## *MEDICAL PLANAR MASKS*

These are going FAST!

# ORDER NOW

## Call: 516.359.8443 Staci

OR-order on our website

## https://medicalsupplymasks.com/

**PHOENIX EMERGENCY MEDICAL SUPPLIES-YOUR SOURCE FOR PPEs**



**EXHIBIT F**

PHOENIX EMERGENCY MEDICAL SUPPLIES-YOUR SOURCE FOR PPEs



May 19th, 2020

# KN95 Masks
# Planar Masks
# Available RIGHT NOW
# on Long Island



These are going FAST!   We have the best prices in town!

## ORDER NOW
### Call: 516.359.8443 Staci

OR order on our website

## https://medicalsupplymasks.com/



**EXHIBIT G**

RECEIVED  05/22/2020 02:57PM

22-May-2020  18:57   UTC   To:      (15163742044)                                  p.1



---

**Remember**: if a **MASK** is exposed to a virus like SARS-CoV-2, reusing it could potentially spread the virus.

---

## Why Buy From Phoenix?

### ~Our Masks are FFP2 compliant.

*(Masks with FFP2 score- protects you against irritating and harmful airborne particles.)*

~We can ship to you the **next day** or **arrange for you to pick up**. No waiting weeks to months for Masks that may never come.

~We are a Long Island based company and will be here for you and our community for the long haul.

~You can reach us via phone or email anytime.

---

-$24.00 off regular price

**KN95 Masks**-Box of 30 = $75.99

**Planar masks**-Box of 50=$35.95

*FFP2 Compliant*

**We can ship to you next day!**

---

*We also have Large quantities- 900-2000 masks*
*Tell friends and Colleagues*
*Sign up for our "Share a Pallet" Program*

## Call: 516.359.8443 Staci

## to order or inquire

order on our website

## https://medicalsupplymasks.com/

PHOENIX EMERGENCY MEDICAL SUPPLIES-YOUR SOURCE FOR PPEs



**EXHIBIT H**

RECEIVED   05/26/2020 01:06PM

26-May-2020  17:06     UTC     To:      (15163742044)                                    p.1

**PHOENIX EMERGENCY MEDICAL SUPPLIES-YOUR SOURCE FOR PPEs**



## May 19th, 2020

# KN95 Masks
# Planar Masks
# Available RIGHT NOW
# on Long Island



These are going FAST!     We have the best prices in town!

## ORDER NOW
### Call: 516.359.8443 Staci

OR order on our website

## https://medicalsupplymasks.com/

