UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
DR. DAVID SIMAI,                                               :  **ORDER**
                                                               :
                         Plaintiff,               :  20-cv-5688 (BMC)
                                                               :
            - against -                                 :
                                                               :
PHOENIX EMERGENCY MEDICAL                                      :
SUPPLY, LLC, and JOHN DOES 1-10,                               :
                                                               :
                         Defendants.              :
                                                               :
-------------------------------------------------------------- X

**COGAN**, District Judge.

      I deem plaintiff's response to this Court's Order to Show Cause of March 12, 2021 to constitute his late motion for a default judgment. Based on the proof of service that plaintiff filed, the Clerk entered defendant's default on February 22, 2021 pursuant to Federal Rule of Civil Procedure 55(a).[1]

      The complaint, the factual allegations of which are deemed true on this motion for a default judgment, see, e.g., Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), alleges that defendant sent eight advertisements by facsimile machine to plaintiff without plaintiff's authorization or consent. Plaintiff seeks statutory damages of $500 for each fax under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(3)(B), and enhanced statutory damages of an additional $1,000 per fax under TCPA § 227(b)(3) based on defendant's willful and knowing violation of the statute. Defendant's default is sufficient to

---

[1] The reference to "defendant" is to Phoenix Emergency Medical Supply, LLC. Plaintiff has not identified any of the John Doe defendants and they are dismissed.

establish the element of willfulness.  See Haley v. Hughes Network Sys., LLC, No. 12-cv-1079, 2013 WL 5937007, at *2 (W.D.N.Y. Nov. 1, 2013).  Plaintiff has supplied additional evidence of willfulness by representing that he has attempted to contact defendant in connection with this case but defendant has failed to respond, appears to be out of business, and has left no means of making further contact.

The motion for default judgment is therefore granted.  The Clerk is directed to enter judgment in favor of plaintiff and against defendant in the amount of $12,000.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       March 19, 2021